IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01663-LTB-PAC

TED SHAMUS WAGNER,

    Applicant,

v.

TELLER COUNTY JAIL, and
SHERIFF KEVIN DOUGHERY,

    Respondent,

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

O. Edward Schlatter, United States Magistrate Judge

    This is a habeas corpus proceeding under 28 U.S.C. §2241.  Mr. Wagner filed his Amended §2241 Application on September 19, 2006.  Respondent Sheriff Doughery filed his Answer to the court's Order to Show Cause on October 20, 2006.  Mr. Wagner filed a Traverse on November 17, 2006.   The Application was referred to former Magistrate Judge Patricia A. Coan to issue a recommendation on disposition.  Upon Magistrate Judge Coan's retirement,  I  assumed her caseload pending the hiring of a new United States Magistrate Judge.   The Application is ripe for determination.

    Mr. Wagner is detained in the Teller County jail pending trial on charges of first degree arson and criminal mischief.  The state court initially set bail at $25,000. Applicant alleges that the court later raised his bail to $75,000 as a retaliatory measure, after Applicant questioned the court about why his "assailant" was released on a personal recognizance bond. Applicant's later request for a reduction of bond was denied.

(Amended Application, Section B)

Applicant claims that bail in the amount of $75,000 is excessive in relation to the charged offenses, in violation of the Eighth Amendment.[1] Applicant asks this federal habeas court to order the state district court to show cause why his bail should not be reduced to $25,000.

Although Mr. Wagner is a state prisoner, his application for habeas corpus relief arises under 28 U.S.C. §2241 because he is a pretrial detainee. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

Respondent Sheriff moves to dismiss the Amended Application for failure to exhaust available state remedies.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir.2002).

Moreover, it is incumbent on federal courts to avoid interfering with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Younger* abstention is appropriate when: "(1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the state proceeding involves important state

---

[1] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

2

interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003); *see, also, Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Mr. Wagner has a remedy available to him through the writ of habeas corpus in the state courts.

> If any person is committed or detained for any criminal or supposed criminal matter, it is lawful for him to apply to the supreme or district courts for a writ of habeas corpus. . . The court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved.

COLO.REV.STAT. §13-45-101(1) (2005).

Although Applicant asserts that he exhausted his state court remedies, *see* Amended Application, Section C, he does not state in his Application or his Traverse that he petitioned the state courts for a writ of habeas corpus, nor does he allege specific facts to show that state court remedies are unavailable.

Accordingly, it is

**RECOMMENDED** that the [Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 (Doc. #8), filed by Ted Shamus Wagner on September 19, 2006, be **DENIED**.  It is

FURTHER **RECOMMENDED** that the Amended §2241 Application (Doc. #8) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated March 26, 2007.

                                            BY THE COURT:

                                            <u>O. Edward Schlatter</u>
                                            O. EDWARD SCHLATTER
                                            United States Magistrate Judge